UNITED STATES, Appellee,

v.

Specialist Five Maurice A. COLTER, SSN 335–46–6266, United States Army, Appellant.

UNITED STATES, Appellee,

v.

Private First Class Wayne L. ADAMS, SSN 496–72–7859, United States Army, Appellant.

CM 442193, CM 442178.

U. S. Army Court of Military Review.

25 April 1983.

Major Raymond C. Ruppert, JAGC, Captain David M. England, JAGC, Captain William T. Wilson, JAGC, and Captain Paul J. Moriarty, JAGC, were on the pleadings for appellant Colter.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain John L. Plotkin, JAGC, were on the pleadings for appellee.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Joseph A. Russelburg, JAGC, and Captain Donna L. Chapin, JAGC, were on the pleadings for appellant Adams.

Lieutenant Colonel John T. Edwards, JAGC, Captain John L. Plotkin, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

MELNICK, Senior Judge:

Appellant, Colter, was convicted by a general court-martial convened at Fort Hood, Texas, of wrongful possession of 863.32 grams of marijuana, and conspiring with another soldier, Private First Class Wayne L. Adams, to sell marijuana, in violation of Articles 134 and 81, respectively, of the Uniform Code of Military Justice (10 U.S.C. §§ 934 and 881). He was sentenced to a dishonorable discharge, confinement at hard labor for 5 years, forfeiture of all pay and allowances, and reduction to E–1. The convening authority approved the sentence after reducing the confinement to three years and six months. Appellant Adams was convicted of the same offenses and received the same sentence. The convening authority approved it except that he reduced Adams' confinement to three years.

The facts in each case are essentially identical. Both convictions were based on a search of Colter's barracks room during which he was discovered with Private First Class Adams breaking down and packaging marijuana. The search resulted from a tip from an informant, Informant 23, to the military police that marijuana was in Room 312 in a designated barracks building. The information was received by a Sergeant Robinson, passed on to Military Police Investigator Mayes and ultimately to two other investigators, Flores and Sequin, who used it to brief appellant's battalion commander, Lieutenant Colonel Ernest A. Becking, Commander, 27th Maintenance

Battalion, and obtain his authorization to search Colter's room.

Both appellants challenged the search at their trial below and renewed their attack before us. Because their cases are essentially identical, we have consolidated them for our disposition.

██ Three issues raised by Colter require comment. Initially, Colter contends that Lieutenant Colonel Becking improperly authorized the search of his room. We do not agree. Investigator Flores testified that he told Lieutenant Colonel Becking that their informant had seen 6 pounds of marijuana on the floor in Room 312 being broken down into smaller bags by two individuals. (R. 41–42). He further told Lieutenant Colonel Becking that the informer had been used on two other occasions and had been reliable. We believe this is sufficient to satisfy M.R.E. 315(f)(2). While it is true that Lieutenant Colonel Becking admitted that at the time he authorized the search he believed that the reliability of the informant was more important than the basis of his knowledge (R. 46–47), he also testified that he considered all the information which had been provided him and was certain, based on it, that a search would produce marijuana. (R. 42–48). We are satisfied that Lieutenant Colonel Becking considered all aspects of the information provided by Flores and properly reached his decision to authorize a search.

Next, appellant Colter contends that Investigator Flores falsely advised Lieutenant Colonel Becking that their informant had seen marijuana in appellant's room, and the misadvice was intentional. At trial appellant moved for a hearing pursuant to M.R.E. 311(g)(2). His motion (Appellate Exhibit X) set forth the factual basis for his contentions and concluded with an averment that Flores had misrepresented to Lieutenant Colonel Becking either knowingly and intentionally or with a reckless disregard for the truth. During a lengthy hearing, the military judge received evidence that the informant had not been in Colter's room. He ultimately found that Informant 23 had not advised the military

police how he knew marijuana was in Colter's room. (R. 107). However, the military judge refused to take testimony on the issue of whether Flores' incorrect advice to Lieutenant Colonel Becking that Informant 23 had seen marijuana in appellant's room was made knowingly and intentionally or with reckless disregard for the truth, but limited appellant to offers of proof. Appellant offered to prove that Flores was an experienced investigator who knew that an eye witness informant was important to obtaining an authorization to search; that Flores had not spoken to the informant but claimed he had received his information from Investigator Mayes; that Mayes could not remember speaking to Flores; and that Mayes could not remember speaking to the informant, but if he had, could not remember that the informant had told him that he had seen marijuana in appellant's room. (R. 93–94, 101). The military judge concluded that appellant's showing was not enough and refused to afford appellant the hearing authorized by M.R.E. 311(g)(2) at which appellant could impeach the representation made by Flores to Lieutenant Colonel Becking.

██ We believe the military judge erred. M.R.E. 311(g)(2) sets forth a two fold requirement. First, appellant Colter must make a substantial preliminary showing that a government agent knowingly and intentionally, or with reckless disregard for the truth, advised Lieutenant Colonel Becking that Informant 23 had seen marijuana in Colter's room. If he succeeds, and if the false statement is necessary to a finding of probable cause, then he is entitled to a hearing at which he must prove his allegations of falsity and bad faith by a preponderance of the evidence. Unless the two requirements are totally redundant, which does not appear to be the case, appellant's burden in the preliminary showing is not as demanding as that which he must meet at the actual hearing. Certainly, something less than a preponderance of the evidence is required.

Here, the military judge's determination that Informant 23 had not told the military

police he had seen marijuana in Colter's room significantly limited the possibility of a bonafide government error. One wonders how, in the absence of information from his informant, Flores could testify on the motion that "... we briefed him that our CI had gone into the room approximately 30 to 30 minutes [sic] before we arrived there and he had seen six pounds of marijuana scattered all over the floor ..." Obviously, such an assertion, with no foundation in fact, must be a purposeful fabrication.

In response, as we noted, Colter, limited to offers of proof by the military judge, offered to prove that Flores had not talked to Informant 23; that he claimed he received information from Investigator Mayes; and that Investigator Mayes did not recall talking to Flores or the informant. A readily apparent conclusion to be drawn from these facts is that Flores lied or had a reckless disregard for the truth when he briefed Lieutenant Colonel Becking. Certainly, this is the substantial preliminary showing necessary to obtain a hearing under M.R.E. 311(g)(2). Granted, there are other possible conclusions, but appellant need not establish his contention beyond a reasonable doubt, or even, at this point, by a preponderance of the evidence.

The importance of the false statement to Lieutenant Colonel Becking cannot be denied. Had Flores told the truth, that is that he did not know how his informant knew there was marijuana in appellant's room, he would not have been entitled to a search authorization.

Colter's final issue deals with the Article 32 investigation. Appellant asked that Private Cedric Jackson be called as a witness. Jackson appeared but refused to testify. He claimed no privilege, however. When appellant asked the Article 32 investigating officer to order Jackson to testify, he refused. Lieutenant Colonel Becking, the appointing authority ordering the Article 32 investigation, also refused to order Jackson to testify. The general court-martial convening authority denied relief also. At trial, the military judge refused to direct a new Article 32 investigation or give appellant any other meaningful relief.

■ We believe the military judge erred. An accused at his Article 32 proceeding is entitled to the compelled testimony of a witness when he makes a showing that such witness has relevant information and the witness makes no valid claim of privilege. That entitlement was denied here for no apparent reason. At trial appellant averred his belief that Jackson was Informant 23; if that was true, he was obviously important to appellant's case. Trial counsel did not deny Jackson's role and the military judge apparently concluded Jackson was the informant. (R. 107). Still, appellant was denied relief. Such a decision, in the absence of any claim of privilege from Jackson or the government surely subverted the pretrial procedures created by the Uniform Code of Military Justice and permitted the government to shield a material witness from the defense counsel here without any legitimate reason. This was precisely the same as improperly failing to produce him and constitutes reversible error. *See United States v. Ledbetter*, 2 M.J. 37 (C.M.A.1976).

■ The issues in Adams' case are essentially identical and require the same relief. We note that the government argues that Adams had no standing to complain of the search here as he was a guest in Colter's room. The issue, however, is not that simple. Adams is not precluded from having standing as a matter of law and might have been able to establish at trial an expectation of privacy in Colter's room. However, when appellant raised the issue at trial, and asked if it was necessary that he establish standing, trial counsel waived the issue. (R. 102). We see no reason not to enforce that waiver. *See United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

The findings of guilty and the sentences as to each appellant are set aside. Rehearings, preceded by appropriate pretrial proceedings, may be ordered by the same or a different convening authority.

Judge McKAY and Judge LEWIS concur.